145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Austin D. LONDON, Plaintiff-Appellant,
v.
COMMISSIONER, Social Security Administration, Defendant-Appellee,
 No. 97-35313.
D.C. No. CV-95-613-HA.
 United States Court of Appeals, Ninth Circuit.
 Submitted[2] May 8, 1998.
Decided May 14, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Ancer L. Haggerty, District Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Austin London appeals the affirmance by the district court of the Administrative Law Judge's ("ALJ's") decision and order denying him Social Security disability insurance benefits and Supplemental Security Income benefits under the Social Security Act, 42 U.S.C. §§ 401 et seq., 1381 et seq. London contends on appeal that (i) the ALJ erred by rejecting the opinions of an examining and a nonexamining psychologist, (ii) the ALJ improperly acted as his own vocational expert, (iii) the ALJ erred by rejecting the testimonies of London and his mother, and (iv) the Appeals Council improperly found that a subsequently submitted report from a vocational expert did not warrant the granting of benefits.
 
 
 2
 The ALJ concluded that London could perform his past relevant work and thus was not entitled to benefits. We review the district court's affirmance of the denial of benefits de novo, and we affirm if the ALJ's decision was supported by substantial evidence and was based on the application of correct legal standards. See Gomez v. Chater, 74 F.3d 967, 970 (9th Cir.1996). Because the record in this case contained substantial evidence supporting the ALJ's decision and there was no error of law, we affirm.
 
 
 3
 * London first contends that the ALJ erred by rejecting the opinions of Ron Taylor, Ph.D., the examining psychologist, and Dick Wimmers, Ph.D., the nonexamining psychologist. Dr. Taylor's second of two reports included the following observations:
 
 
 4
 He does appear to be moderately to markedly limited in his ability to understand, retain, and carry out complex instructions or abstract patterns of behavior, but he is clearly not more than moderately limited in his ability to remember locations and work-like procedures, sustain an ordinary routine, without special supervision, make simple, work-related decisions, or carry out, with some understanding, short and simple instructions.... The client appears able to pay attention and concentrate for periods of time up to 30 to 45 minutes, as noted during this examination.... Whether he could complete a normal work day or work week at a consistent pace and with a suitable frequency and length of rest periods also appears problematic at this time, with the client exhibiting a somewhat dysthymic pattern wherein he watches television, stays in bed much of the time, and seems to be showing a pattern associated with some kind of depression.
 
 
 5
 The Commissioner is correct that the ALJ did not reject Dr. Taylor's opinion, but rather specifically credited the finding that London was unable to understand, remember, or carry out detailed instructions. Although Dr. Taylor stated that London's ability to complete a normal work day was "problematic," he made clear that London could carry out simple instructions and sustain an ordinary routine. His conclusion that London could maintain concentration for up to 45 minutes was based on London's performance during the examination and did not necessarily imply that London could not perform marginally skilled work for longer periods. The fair import of Dr. Taylor's report is that, although certain areas might be problematic for London, on balance he was able to perform simple work, such as his past jobs as a night watchman and pest control worker.
 
 
 6
 London also argues that the ALJ rejected the report of nonexamining psychologist Dick Wimmers, Ph.D. Dr. Wimmers indicated, on a checklist, that London was moderately limited in his "ability to maintain attention and concentration for extended periods" and "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Dr. Wimmers, however, added little to the case because his report was based not on an examination of London, but rather on Dr. Taylor's reports. The decision of the ALJ reflects a careful consideration of the evidence both in favor of and against London's claim. Even crediting the opinions of Drs. Taylor and Wimmers, substantial evidence, both based on and independent of the psychological opinions, supported the ALJ's ultimate decision to deny benefits.
 
 II
 
 7
 London next contends that the ALJ improperly acted as his own vocational expert. Specifically, London claims that the ALJ erred by concluding, without the benefit of evidence from a vocational expert, that London could perform his past relevant work. The Commissioner correctly argues in response that the ALJ was not required to rely upon a vocational expert to make this determination. The inquiry whether a claimant may perform his past relevant work, which is step four of the five-step sequential evaluation prescribed by 20 C.F.R. § 404.1520, does not require the use of vocational testimony. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996).
 
 III
 
 8
 London's contention that the ALJ improperly rejected London's and London's mother's testimonies also is unfounded. In general, they testified as to London's memory problems. The ALJ found that London's testimony was generally credible, but that it did not indicate an entitlement to disability benefits. Similarly, nothing in the ALJ's decision suggests that the ALJ rejected the testimony of London's mother, which was consistent with her son's testimony. Even accepting London's and his mother's testimonies, the record contains substantial evidence supporting the ALJ's decision to deny benefits.
 
 IV
 
 9
 London argues that vocational evidence he submitted to the Appeals Council after the hearing supported a finding of disability. This evidence was a report in which a vocational expert opined, based on Dr. Taylor's reports, that London could not perform his past relevant work. The Appeals Council considered this additional evidence, and it is now part of the record on appeal. See Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir.1993).
 
 
 10
 As found by the Appeals Council, the vocational expert's report did not establish an entitlement to disability benefits. The report one-sidedly focused on Dr. Taylor's findings that certain tasks might be problematic without addressing other findings that suggested that London could function in a simple working environment. The expert also quoted a portion of Dr. Taylor's first report that discussed moderate limitations in London's ability to complete a normal work day, although Dr. Taylor's second report characterized the same ability as "problematic," not as moderately limited. The vocational report also misstates Dr. Taylor's opinion as finding that London was "moderately limited in his ability to remember locations and work like procedures, sustain an ordinary routine without special supervision, make simple, work related decisions, or carry out, with some understanding, short and simple instructions." What Dr. Taylor in fact stated was that London was "clearly not more than moderately limited" in this ability (emphasis added). Viewing the evidence as a whole, substantial evidence existed in the record supporting the conclusion that London could perform his past relevant work.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4