Michael McCONNER, Plaintiff–
Appellant,

v.

William S. HALTER,* Commission-
er of the Social Security Adminis-
tration, Defendant–Appellee.

No. 99–56039.
D.C. No. CV–98–07544–CT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided March 5, 2000.

---

* William S. Halter is substituted for his prede-
cessor, Kenneth S. Apfel, as Commissioner of
the Social Security Administration. Fed.
R.App. P. 43(c)(2).

Before FERGUSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM **

Michael McConner appeals the magistrate judge's summary judgment affirming the decision of the Commissioner of Social Security to deny him social security benefits under Title II of the Social Security Act. The Commissioner adopted the finding of an Administrative Law Judge that McConner had the residual functional capacity to perform light work, and was therefore not entitled to Title II benefits. Because the ALJ inadequately assessed the medical evidence, particularly Dr. Compton's opinion, there is need for further factfinding as to McConner's limitations with respect to sitting and standing.

■ As a preliminary matter, McConner asks us to determine whether Dr. Compton should be considered his treating physician rather than an examining physician. Under the criteria outlined in *Ghokassian v. Shalala,* 41 F.3d 1300, 1303 (9th Cir.1994), and noting that neither the doctor nor the patient appears to have

considered Dr. Compton to be McConner's treating physician, we conclude the ALJ properly considered Dr. Compton an examining physician and not entitled to the deference accorded to treating physicians.

■ To disregard the uncontradicted opinion of an examining physician, the ALJ must provide clear and convincing reasons. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996). If contradicted by another doctor, as here, an examining physician's conclusions may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 830–31. Dr. Compton concluded that McConner could not sit or stand for more than a half hour without a three-minute break. This conclusion may preclude the full range of light work. According to the regulations, a job is included in the light work category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b); *see also* SSR 83–10. Moreover, prior decisions indicate that McConner's limitation, as described by Dr. Compton, would indeed be inconsistent with an ability to engage in most forms of work. *See Gallant v. Heckler,* 753 F.2d 1450, 1454 (9th Cir.1984) ("A man who cannot walk, stand or sit for over one hour without pain does not have the capacity to do most jobs available in the national economy.") (quoting *Delgado v. Heckler,* 722 F.2d 570, 574 (9th Cir.1983)).

Dr. Ashley is the only physician to come to a different conclusion. He found that McConner had no limitations for sitting, standing or walking. If the ALJ intends to credit Dr. Ashley's conclusions rather than Dr. Compton's, he must provide specific and legitimate reasons, supported by substantial evidence in the record, for ar-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

riving at that conclusion. *Lester*, 81 F.3d at 830–31. He failed to do so here.

▮ Further consideration of Dr. Moore's report is also in order. Dr. Moore was McConner's treating physician. When the ALJ rejects a treating physician's conclusions in favor of the testimony of other physicians in the record, he must provide specific and legitimate reasons for doing so, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830. The ALJ rejected Dr. Moore's report because he found it "not consistent with the rest of the record and ... inconsistent with Dr. Moore's own reports...." Such a conclusory statement does not qualify as the required "specific and legitimate reasons supported by substantial evidence in the record." *Lester*, 81 F.3d at 830. We note, however, that reports consisting of boxes checked off on a form the Commissioner supplies are entitled to less weight than more detailed reports explaining the basis for their conclusions. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir.1983).

In light of the foregoing, we reverse the judgment of the district court with directions for it to remand the matter to the Commissioner for further consideration and for development of a sufficient record.

REVERSED AND REMANDED.

Circuit Judge FERGUSON, concurring.

FERGUSON, Circuit Judge.

I concur that the case be reversed and remanded. I would mandate that the remand be for the payment of benefits. The case has been in the process of adjudication for over ten years and it would be to the benefit of both the claimant and the government that there be a definitive end-

ing now. The record supports an award of benefits.