### Michael MCCONNER, Plaintiff— Appellant,

v.

### Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 04–55220.

D.C. No. CV–03–05499–CT.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 31, 2005.*

Decided Feb. 2, 2005.

Lawrence D. Rohlfing, Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

Michael A. Cabotaje, San Francisco, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before FERGUSON, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM**

Michael McConner appeals the magistrate judge's summary judgment affirming the decision of the Commissioner of Social Security to deny him social security benefits under Title II of the Social Security Act. The Commissioner adopted the findings of an Administrative Law Judge ("ALJ") that McConner was not disabled under the Act because he had the residual functional capacity to perform a significant range of light work. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the judgment of the magistrate judge with instructions to remand to the ALJ for an award of benefits.

The ALJ improperly disregarded the opinion of Dr. Compton, McConner's examining physician, and Dr. Moore, McConner's treating physician. To disregard the uncontradicted opinion of an examining physician or a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). If contradicted by another doctor, as here, an examining or a treating physician's conclusions may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 830–31. The ALJ did not provide specific and legitimate reasons for crediting the opinions of Dr. Ashley, Dr. Maze and Dr. Beirmore over the opinions of McConner's examining and treating physicians. The ALJ therefore erred in disregarding the opinions of Dr. Moore and Dr. Compton.

We remanded this case to the Commissioner once before "for further consideration and for development of a sufficient record." *McConner v. Halter*, 15 Fed. Appx. 399, at *2 (9th Cir.2000). Because "substantial evidence does not support the [Commissioner's] decision," *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987), we reverse and remand this case for the payment of benefits. *Id.*

**REVERSED and REMANDED with directions.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

