**Keith FLISS, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 06–16952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 1, 2008.

ed by 9th Cir. R. 36–3.

Mark Ross Caldwell, Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, USPX–Office of the U.S. Attorney, Phoenix, AZ, Jaime L. Preciado, Sharon Sands, Peter K. Thompson, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM *

Keith Fliss appeals the judgment entered by the Magistrate Judge affirming

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the decision of the Commissioner of the Social Security Administration that adopted the Administrative Law Judge's ("ALJ's") denial of Fliss's claim for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

First, Fliss challenges the ALJ's decision to give little weight to the opinions of the treating physician and treating psychiatrist. The opinion of each doctor consisted of a check-list assessment that did not include an explanation of the bases of their conclusions. We hold that the ALJ did not err in giving the opinions little weight. *See Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996).

Second, Fliss argues that the ALJ erred in concluding that Fliss's mental impairment was not severe. There is no objective evidence in the record, beyond the psychiatrist's discredited check-list assessment, that supports Fliss's contention that his mental impairment significantly limited his ability to do basic work. We hold that the ALJ did not err in concluding that Fliss's mental impairment was not severe. *See Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir.1993).

Third, Fliss contends that the ALJ erred by relying on assessments of nontestifying, nonexamining state agency physicians. "[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater,* 94 F.3d 520, 522

(9th Cir.1996). The detailed assessments of Fliss's treating orthopedic surgeon—concluding that Fliss could perform "light duty" work—support the assessments of the nonexamining physicians.[2] The orthopedic surgeon gave cogent reasons for his conclusion that Fliss, while unable to do his past work, could still perform light work. We hold that the ALJ did not err in relying on the nontreating physicians' opinions.

Finally, Fliss challenges the ALJ's finding that Fliss was not fully credible. Fliss testified that his injury prevented him from performing any work. Fliss's treating orthopedic surgeon's assessments, however, directly contradict Fliss's testimony. We uphold the ALJ's adverse credibility determination because it is based on inconsistencies between Fliss's testimony and the assessment of his treating orthopedic surgeon. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599–600 (9th Cir.1999).

**AFFIRMED.**

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Fliss also argues that the ALJ erred in relying on the nonexamining physicians' assessments because a nonmedical state agency disability examiner initially filled out an assessment signed by one of the nonexamining physicians. This contention, however, is immaterial because a nonexamining physician signed the form. Accordingly, our normal rules for when a nonexamining physician's opinion may be credited remain applicable.