Jimmie R. CARNES, Jr., Plaintiff—Appellant,

v.

COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 06–17327.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 19, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bess Murchison Brewer, Bess M. Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

John C. Cusker, Esquire, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Jimmie R. Carnes, Jr. ("Carnes") appeals from a district court judgment affirming an administrative law judge's ("ALJ") denial of Social Security Disability Insurance benefits relating to his mental and physical ailments. We affirm the district court's judgment. The parties to this appeal are familiar with the facts, therefore we do not repeat them except when necessary.

This court reviews de novo the district court's order affirming the Commissioner's decision. *Flaten v. Secretary of HHS*, 44 F.3d 1453, 1457 (9th Cir.1995). The decision must be affirmed if substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir.1995) (per curiam). Although questions of credibility and resolution of conflicts in the testimony are functions of the agency, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982), the ALJ's credibility findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990).

## I. The ALJ properly evaluated the conflicting medical evidence concerning Carnes' impairments.

■ In this case, the ALJ provided specific and legitimate reasons for rejecting the conclusions of one examining provider. The ALJ cited to the conflicting opinions of other examining providers and rejected Dr. Nakagawa's findings because they were inconsistent with some clinical results. Because there was conflicting medical evidence, the ALJ properly explained his specific, legitimate reasons for rejecting Dr. Nakagawa's opinion, and the ALJ's reasons were supported by substantial evidence. There was no error in the ALJ's findings. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995).

■ With regard to the physical limitations discussed by Dr. Sharma, the ALJ accepted Dr. Sharma's assessment of Carnes' post-hernia limitations. There is no evidence in the record that the ALJ mischaracterized Dr. Sharma's findings, nor that Carnes' own account of his symptoms or limitations should control the ALJ's findings. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989). Dr. Sharma's conclusions are consistent with the post-discharge instructions and other medical evidence. These medical opinions are substantial evidence that Carnes was capable of performing light work, subject to the environmental limitations, therefore, the ALJ's findings concerning Carnes' physical limitations were not erroneous.

## II. The ALJ properly rejected Carnes' testimony regarding his own impairments.

■ In this case, the ALJ specifically rejected Carnes' testimony about his phys-

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ical limitations because it conflicted with the limitations found by Dr. Sharma, the instructions given after Carnes' surgery, and Carnes' own statements regarding his daily activities. *See Regennitter v. Comm'r of SSA*, 166 F.3d 1294, 1297 (9th Cir.1999); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996). To the extent that the ALJ found that Carnes' mental limitations were not as severe as he testified they were, those findings are supported by inconsistencies between his testimony and his daily activities, his work record, and his statements to mental health providers that he was not delusional and his memory was okay. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir.2002). The ALJ identified specific and legitimate reasons for rejecting the credibility of Carnes' testimony regarding his limitations that are supported by substantial evidence in the record. Therefore, "we may not engage in second-guessing," and we will affirm the district court's decision. *Id.* at 959.

### III. Carnes' mental limitations did not meet or equal an impairment in the Listing at step three.

■ As discussed above, the ALJ properly rejected the conclusions of Dr. Nakagawa and Carnes' testimony to find that Carnes had mild restrictions on daily living or social functioning based on evidence from Dr. Randhawa and the June 2004 reassessment. The ALJ further found that Carnes had mild to moderate limitations in maintaining concentration, persistence, or pace, and there was no evidence of decompensation or deterioration. The ALJ's findings that Carnes did not meet the B or C criteria were therefore supported by substantial evidence. As a result, we affirm the district court's order upholding the ALJ's findings. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir.1990).

### IV. The ALJ properly applied the Grids because there was substantial evidence that Carnes' mental limitations did not significantly limit the available jobs he could perform.

■ Carnes claims that the ALJ improperly applied the medical-vocational guidelines ("the Grids") instead of the testimony of a vocational expert before concluding that he had the residual functional capacity to perform light work in the national economy. The ALJ first determined at step four, however, that Carnes could perform his past relevant work as a driver, shop manager, and greens keeper because they were non-complex jobs that did not require a lot of physical exertion or exposure to respiratory irritants. The ALJ proceeded to step five in the alternative and applied the Grids to find that Carnes had the residual functional capacity to perform unskilled, light work.

If an applicant's impairment does not meet or equal a listed impairment and the finding that the applicant can perform past relevant work is uncontested, then the applicant is not disabled. 20 C.F.R. §§ 404.1520(e) and 404.1520(f). Carnes did not prove, at step four of the sequential analysis, that he could not perform his past relevant work. *See Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir.2001). In this case, Carnes testified that his boss inexplicably fired him from his job as a driver, accusing him of using illegal drugs. Although Carnes also claims to have lost a job as a driver because he was not getting enough sleep, and because his "boss lied and fired," he did not introduce any evidence that he could not do the other past jobs, and any heat-related concerns were contradicted by medical evidence. *See Orlando v. Heckler*, 776 F.2d 209, 215–16 (7th Cir.1985). On this record, there is substantial evidence to support the ALJ's conclusion that Carnes could perform past

work, therefore we affirm the district court's decision because it was unnecessary to call a vocational expert and consider the availability of other work based on his residual functional capacity. *See Crane v. Shalala,* 76 F.3d 251, 255 (9th Cir.1996).

## CONCLUSION

The ALJ properly rejected Carnes' testimony and the mental health evaluation of Dr. Nakagawa based on the clinical findings of Dr. Randhawa, the June 2004 mental health reassessment, and Carnes' own statements concerning his daily life activities. Because there was substantial evidence that Carnes' mental impairments had only mild to moderate effects on his ability to concentrate, his memory, and his social function, the ALJ did not err in finding that Carnes did not meet or equal the listing for organic mental disorders. In addition, the ALJ properly found that Carnes could return to his prior relevant work based on the findings of mild to moderate mental limitations compared with his own descriptions of the work and the work in the general economy.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.