David A. LESLIE, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security,* Defendant–Appellee.

No. 07–56764.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2009 **.

Filed March 11, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas G. Roche, Esq., San Diego, CA, for Plaintiff–Appellant.

Thomas C. Stahl, Esq., Enrico M. Alis, Esq., USSD, Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM

David A. Leslie appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration that he was not disabled within the meaning of the Social Security Act and thus not entitled to disability benefits. We affirm in part, and reverse and remand for further proceedings.

## I

■ The administrative law judge (ALJ) did not err in determining that Leslie's carpal tunnel syndrome was not a medically determinable impairment. As the ALJ noted, the record reflects no evidence that the condition limited Leslie's ability to do basic work. *See* 20 C.F.R. § 404.1520(c). Rather, the evidence indicates that he had only "mild-to-moderate" carpal tunnel in his right wrist, and there is no indication that he followed through on rehabilitation. Dr. Morse's testimony was to the same effect. Accordingly, the ALJ's decision as to the carpal tunnel syndrome impairment was supported by substantial evidence.

## II

■ We cannot, however, uphold the ALJ's rejection of Dr. Christopher Morache's opinions. Dr. Morache became Leslie's treating physician when Leslie attempted suicide. The ALJ rejected Dr. Morache's November 15, 2004 opinion as inconsistent with three other psychiatric opinions in the record, as well as Leslie's own testimony about his daily activities. However, the ALJ does not appear to have recognized that Dr. Morache's opinion was formulated in the wake of Leslie's suicide attempt, whereas the other opinions were rendered before the attempt. The same is true of Leslie's account of his daily activities; that is, the description of daily activities upon which the ALJ relied spoke as of the time period *before* the suicide attempt. In these circumstances, the differences noted by the ALJ, standing alone, do not rise to the level of specific and legitimate reasons for rejecting Dr. Morache's opinion. *See Stone v. Heckler,* 761 F.2d 530, 532 (9th Cir.1985) (noting that the most probative medical opinions are those rendered most recently in the case of a deteriorating medical condition). Accordingly,

we remand for the ALJ to revisit the worth of Dr. Morache's opinions with specific reference to his status as treating physician at, and after, the suicide attempt.

### III

■ Although we have on occasion remanded for the payment of benefits without any further proceedings when a counter-hypothetical question is posed to a vocational expert, *see Reddick v. Chater*, 157 F.3d 715, 729–30 (9th Cir.1998); *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988), it is not appropriate to do so in this case. The counter-hypothetical posed by Leslie's counsel presented an exaggerated description of his mental limitations not wholly supported by the record. We therefore remand for further proceedings. Each party shall bear its own costs on appeal.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.