**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORIA M. KING, | No. 11-15348 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01940-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted May 15, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Doria King appeals the district court's decision affirming the Commissioner

of Social Security's denial of King's application for Supplemental Security Income

under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm. Substantial evidence supported the denial of benefits.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The ALJ did not have any duty to recontact Dr. Hirokawa to clarify any inadequacies in Dr. Hirokawa's report. The ALJ relied on parts of Dr. Hirokawa's report when she assessed King's residual functional capacity and, "with support in the record, found the evidence adequate to make a determination regarding [King's] disability." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The record does not show that Dr. Hirokawa's report was inadequate or incomplete. 20 C.F.R. § 416.919p(b) provides that, only if a physician's "report is inadequate or incomplete . . . will [the ALJ] contact the medical source who performed the consultative examination . . . and ask that the medical source furnish the missing information or prepare a revised report." Thus, "the ALJ did not have a duty to recontact" Dr. Hirokawa. *See Bayliss*, 427 F.3d at 1217.

2. The ALJ properly rejected part of Dr. Hirokawa's report. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691 (9th Cir. 2009). Additionally, the ALJ provided clear and convincing reasons for rejecting part of the report. The ALJ rejected Dr. Hirokawa's mild to moderate limitations because (1) they were too vague to be useful, and (2) the absence of mental health treatment records meant there was no treating basis for moderate limitations. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

3. King waived the argument that Dr. Lucila's opinion cleared up any vagueness found in Dr. Hirokawa's report, because King did not raise that argument before the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

4. King also waived the argument that the ALJ had an obligation to properly consider the medical opinions of Dr. Lucila, because King did not raise that argument before the district court. *See id.*

**AFFIRMED.**

*King v. Astrue*, 11-15348

REINHARDT, Circuit Judge, dissenting.

An ALJ is not bound by the medical opinions of the treating or examining physicians, but if he does not accept an expert's uncontroverted opinion he must provide "clear and convincing reasons" for its rejection. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) (internal citation omitted). The ALJ in this case rejected all of Dr. Hirokawa's conclusions as to King's "mild to moderate" limitations in various functions because the terms were "too vague to be useful . . . in evaluating the claimant's residual functional capacity." Courts, physicians, vocational experts, including the expert in this case, and other ALJs use the term "mild to moderate" to describe and assess claimants' limitations without any difficulty. *See, e.g.*, *Massachi v. Astrue*, 486 F.3d 1149, 1151 (9th Cir. 2007) (ALJ finding "mild to moderate" deficiencies in concentration, persistence and pace); *Roberson v. Astrue*, 481 F.3d 1020, 1024 (8th Cir. 2007) (medical opinion noting "mild to moderate" limitations in concentration, persistence and pace)); *Hillier v. Social Sec. Admin.*, 486 F.3d 359, 363 (8th Cir. 2007) (vocational expert testimony regarding "mild to moderate" pain); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (ALJ finding claimant experiences "mild to moderate" pain); *Longworth v. Commissioner Social Security Admin.*, 402 F.3d 591, 594 (6th Cir. 2005) (ALJ

1

finding "mild to moderate" limitations in claimant's "ability to deal with work stresses, to maintain attention and concentration, to understand, remember and carry out detailed instructions and to demonstrate reliability"); *see also Leslie v. Astrue,* 318 Fed.Appx. 591 (9th Cir. 2009) (unpublished) (medical opinion noting "mild to moderate" carpal tunnel); *Carnes v. Commissioner of Social Sec. Admin.,* 291 Fed.Appx. 51, 54 (9th Cir. 2008) (unpublished) (ALJ finding "mild to moderate" limitations in concentration, persistence and pace). The ALJ's unexplained conclusion that Dr. Hirokawa's use of the phrase "mild to moderate" rendered portions of his opinion too vague to be useful does not, therefore, present a clear or convincing reason to reject the doctor's uncontradicted opinion: To do so was in error.

The majority is correct that "[t]he record does not show that Dr. Hirokawa's report was inadequate or incomplete." Maj.op. at 2. This is because, contrary to the ALJ's assertion, the description of "mild to moderate" is not, in fact, an evaluation that is too vague to be of any use. Nevertheless, if the ALJ believed that the record was insufficient to permit him to determine the extent of King's limitations as a result of her depression, he was required to seek clarification. "If the ALJ thought he needed to know" Dr. Hirokawa's opinion of King's limitations more specifically, "in order to evaluate [it], he had a duty to conduct an appropriate

2

inquiry, for example, by subpoenaing the physician[] or submitting further questions to [him]. . . . Having failed to fully develop the record regarding . . . [Dr. Hirokawa's] opinion[], the ALJ could not then reject [his] opinion[] – which [was] uncontroverted and corroborated." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal citations omitted). Nor could the ALJ selectively eliminate portions of Hirokawa's medical opinion without any substantial basis in the record for doing so. *See id.* at 1286 (concluding that it was legal error for the ALJ to disregard some of the opinions of the claimant's physicians without providing reasons for doing so).

The majority interprets the ALJ's observation that King had not had any treatment for mental health issues as an additional justification for ignoring Dr. Hirokawa's opinion regarding King's limitations resulting from her diagnosed depression. If the ALJ did rely on this fact, this reliance was inappropriate, as this court has already held that "the fact that claimant . . . did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [the physician's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). *Nguyen* holds that the claimant's failure to seek treatment for depression cannot negate an examining physician's diagnosis of depression, and this mandate applies with equal force when the

3

claimant fails to follow her treating physician's advice to seek psychiatric help. Indeed, the fact that King's treating physician also diagnosed her as suffering from depression, and suggested that she seek mental health treatment, further bolsters Dr. Hirokawa's opinion, and does not create a basis upon which to ignore it. As both this court and the Sixth Circuit have observed, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Id.* at 1465 (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). The absence of medical treatment for King's depression is therefore irrelevant to the ALJ's assessment of Dr. Hirokawa's opinion.

I, therefore, would hold that the ALJ did not present clear or convincing evidence for rejecting Dr. Hirokawa's uncontradicted opinion that King had mild to moderate limitations in various functions as a result of her depression. Additionally, at King's hearing, the vocational expert was presented with a hypothetical that included the "mild to moderate" limitations recognized by Dr. Hirokawa, and opined that "the world of work as normally found is closed" to King. Accordingly, the portions of Dr. Hirokawa's opinion rejected by the ALJ had a determinative effect on the assessment of King's disability status. Because the vocational expert has already opined that King would be prevented from working in light of the limitations as assessed by Dr. Hirokawa, I would remand

4

for the payment of benefits.

I respectfully dissent.