Joan M. MEYER, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of SSA, Defendant–Appellee.

No. 99–16108.

D.C. No. CV–98–20127–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided Jan. 11, 2001.

---

Before KOZINSKI, HAWKINS and BERZON, Circuit Judges.

## MEMORANDUM [1]

■ 1. Meyer has not waived the arguments she raised before the district court and this court. The Social Security Appeals Council has a duty to examine the entire record in determining whether to grant review, even if the claimant has not specified those issues as to which she thinks the ALJ erred. *Sims v. Apfel,* 530 U.S. 103, 120 S.Ct. 2080, 2086, 147 L.Ed.2d 80 (2000).

■ 2. Substantial evidence supports the ALJ's decision to discredit Dr. Greils' conclusion that Meyer suffers from an incapacitating mental impairment. The ALJ found that Greils' conclusion that the organic brain syndrome is incapacitating was inconsistent both with Greils' concurrent finding of a Global Assessment Functioning level of 70 (indicating that Meyer suffers only from mild psychological symptoms), and with the activities in which Meyer engages. These are clear and convincing reasons for rejecting Greils' uncontradicted evidence. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Contrary to Meyer's representation, no other doctor concluded that she suffers from an organic brain syndrome.

■ 3. Because he provided specific, cogent reasons for doing so, the ALJ did not err in discrediting Meyer's testimony regarding her pain. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1996). The administrative record supports the ALJ's findings that: (1) Meyer's treating doctors found that her pain was disproportionate to her medical condition; (2) there was evidence that she was eager not to return to work and that she was malingering; and (3) there was reason to believe that Meyer was motivated by "secondary gain," the attention and sympathy one gains from having an illness.

4. Because the ALJ's conclusion that Meyer can return to her past relevant work is supported by substantial evidence, he was not required to call a vocational expert to testify about the jobs available to her in the national economy. *Crane v. Shalala,* 76 F.3d 251, 255 (9th Cir.1996). We therefore need not consider the sufficiency of the hypothetical question the ALJ posed to the vocational expert.

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.