Paul BRUNETTI, Raymond Vistocci, Winston Peterkin, Roberto Tapia, Plaintiffs,

Allen Tavel, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–6279.

United States Court of Appeals, Second Circuit.

Nov. 8, 2001.

Carolyn A. Kubitschek, Lansner & Kubitschek; Joanne N. Sirotkin, on the brief, New York, NY, for appellant.

Kathleen A. Mahoney, Assistant United States Attorney; Varuni Nelson, on the brief, Brooklyn, NY, for Loretta E. Lynch, United States Attorney General for the Eastern District of New York, for appellee.

Present VAN GRAAFEILAND, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be, and it hereby is, affirmed.

The plaintiff-appellant Allen Tavel appeals from the July 13, 2000 judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*) granting the Rule 12(b)(6) motion to dismiss of the defendant-appellee, the Acting Commissioner of the Social Security Administration, for failure to state a claim upon which relief can be granted.

■ In his complaint, Tavel alleges that the Social Security Administration (SSA) arbitrarily and capriciously violated applicable law and regulations by refusing to give him a protective filing date based on his 1994 oral inquiry into his eligibility for Supplemental Security Income (SSI). Because Tavel failed to assert in his complaint that he ever filed a written SSI application, the district court correctly dismissed the complaint. Pursuant to 20 C.F.R. §§ 416.305 and 416.202(g), an individual is not eligible for SSI unless he or she first files an application. Tavel's 1994 oral inquiry does not constitute such an application. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir.1996) ("While a Title II application is considered as an oral inquiry into Title XVI benefits, 20 C.F.R. § 416.350, to obtain them a claimant must actually file an application, 20 C.F.R. §§ 416.305 & .310."). Tavel thus neglected to plead an essential element of his cause of action and his complaint was properly dismissed.

■ On appeal, Tavel asks that we amend his pleadings to include the assertion that he filed a written application in 1997, a fact he alleged first in his memorandum in opposition to the motion to dismiss. Tavel did not ask the district court for leave to amend his complaint, and the district court did not abuse its discretion

by not doing so *sua sponte*. *In re Am. Express Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir.1994); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir.1998).

Tavel also argues that the court improperly converted the Rule 12(b)(6) motion into one for summary judgment by considering material outside the pleadings. This assertion is meritless. After explaining why the case must be dismissed for failure to state a claim, the district court, in dicta, discussed matters in the affidavits submitted by both parties because it thought that the existence of an alleged 1997 application "is the nub of the dispute between the parties." This section of the opinion, however, did not affect the district court's decision, which was limited to the complaint before it. *See Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.1999) ("[R]eversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded."). We express no view as to the viability of any claim based on any such filed written application.

We have considered all of Tavel's contentions that are properly before us and have found them all to be without merit. For the foregoing reasons, the judgment of the District Court is hereby AF-FIRMED.