**James H. FIVEASH, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration; et al., Defendants—Appellees.**

No. 05–55135.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James H. Fiveash, Hermosa Beach, CA, pro se.

Nancy M. Lisewski, Esq., SSA—Social Security Administration, San Francisco, CA, Defendants–Appellees.

Appeal from the United States District Court for the Central District of California, R. Gary Klausner, District Judge, Presiding.  D.C. No. CV–03–08748–RGK.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

James H. Fiveash appeals pro se from the district court's order affirming the Commissioner of Social Security's (the "Commissioner") denial of his application for disability insurance benefits and supplemental security income.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a district court's decision upholding the Commissioner's denial of benefits.  *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999).  We must uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error.  *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir.2001).  We affirm.

■ The ALJ properly afforded diminished weight to the opinion of Dr. Anderson because the opinion was based on Fiveash's subjective complaints, lacked objective clinical findings, and conflicted with the reports of Dr. Hoang and the State Agency physician. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).  Additionally, the ALJ's assessment of Fiveash's residual functional capacity was supported by substantial evidence given the opinions of Dr. Hoang and the State Agency physician, as well as Fiveash's own testimony that he did not pursue physical therapy, take any medications, or seek other medical treatment after his surgery.

■ Contrary to Fiveash's contention, the ALJ was not required to credit the work assessment of Dr. Michaelson where the assessment provided no medical explanation for its conclusion and Dr. Michaelson was not a treating physician.  *See Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996) (explaining that an ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.).

Fiveash's remaining contentions are without merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.