Julia A. BURROW, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 05–35583.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed March 7, 2007.

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., Office of the U.S. Attorney, Spokane, WA, Richard Rodriguez, Esq., Nancy A. Mishalanie, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER and TALLMAN, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

Julia Burrow appeals the district court's decision affirming the Social Security

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Commissioner's denial of her application for disability benefits and supplemental social security income. Burrow contends that the Administrative Law Judge ("ALJ") erred in finding that her mental impairments were not severe for at least 12 months at step two of the five-step sequential analysis for social security claims, and for finding her capable of performing past relevant work at step four. *See* 20 C.F.R. § 404.1520(a)(4). Reviewing the ALJ's decision for substantial evidence and for legal error, *see Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005), we reverse and remand.[1]

■■■ The ALJ erred as a matter of law in considering Burrow's physical and mental impairments separately at step two. *See* 42 U.S.C. § 423(d)(2)(B) (requiring consideration of the *"combined* effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of [sufficient] severity" (emphasis added)); 20 C.F.R. § 404.1523 ("If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."); *Nguyen v. Chater,* 100 F.3d 1462, 1466 n. 3 (9th Cir. 1996) ("[W]here [the] claimant suffers both physical and mental impairments both must be considered together in evaluating their effects." (citation omitted)). If, as the ALJ found, Burrow suffered from a severe physical impairment for at least one year, then the combination of her physical and mental impairments must have been severe for at least one year. This error was not harmless because Burrow's doctors agreed that Burrow's mental and physical conditions were closely related and that her mental illness was aggravated by her physical injuries and pain.

■■■ To the extent that the ALJ found that Burrow had no concentration difficulties or other mental impairments, this finding is not supported by substantial evidence. Indeed, it is contradicted by the reports of the medical experts whom the ALJ explicitly credited, including Dr. Vandenbelt, Dr. Brown and Dr. Robinson.[2] The ALJ's conclusion that Burrow's treating physician, Dr. Harrison, was acting as Burrow's advocate in the application process is also unsupported by substantial evidence. At most, the record reveals only that Dr. Harrison reached the unbiased medical opinion that Burrow's impairments prevented her from working and that he communicated these opinions to others inquiring about Burrow's condition. *Cf. Crane v. Shalala,* 76 F.3d 251, 254 (9th Cir.1996) (suggesting that an ALJ may not discount a physician's opinion where the physician is merely preparing evidence for the claimant).

■■■ The ALJ also erred by failing to include Burrow's mental impairments in his step four analysis. The ALJ thus failed to make the required "specific find-

---

1. We grant Burrow's motion to supplement the record and deny the Commissioner's motion to strike. Though we consider the documents in question as part of the record before us, *see Ramirez v. Shalala,* 8 F.3d 1449, 1451–52 (9th Cir.1993), the documents do not affect our decision.

2. *For example,* Dr. Vandenbelt recounted Burrow's reports of "difficulty with concentration and memory," noted that Burrow could not recall three items three minutes after she was told to remember them and cited tests revealing "poor concentration and memory" in addition to "tangential thinking," "anxiety, indecisiveness, and a sense of being immobilized in her attempts to deal with day to day matters." Dr. Vandenbelt also stated that his tests revealed "a significant degree of elevation on the depression scale," suicidal thinking, "[o]bsessional thought patterns, self-blame, pessimism about the future and negative attitudes about work."

ings of fact" regarding Burrow's residual capacity and past work as impacted by all of her impairments in combination. *See* SSR 82–62 ("Evaluation … requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his or her PRW [past relevant work] to determine whether the individual can still do that work."); 20 C.F.R. § 416.920(f) ("[The ALJ] will compare [his] residual functional capacity assessment … with the physical and mental demands of your past relevant work.").

■ The ALJ's findings regarding Burrow's physical impairments were also flawed insofar as he relied upon Burrow's having engaged in ordinary life activities such as going to church, doing housework and exercising. Such activities are relevant only if they were inconsistent with Burrow's claimed disability. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998). Burrow testified that she received help from her husband in doing housework and that her activities were punctuated with rest. *See id.* None of the activities conflicted with Burrow's complaints of severe fatigue and chronic pain. Most importantly, the ALJ failed to consider how these physical impairments interacted with Burrow's mental illness.

Accordingly, we REVERSE the Commissioner's denial of benefits and REMAND for further proceedings.

**REVERSED and REMANDED.**