*548 MEMORANDUM **
Lance Fleming appeals a district court judgment rejecting his challenge to the decision of an administrative law judge (“ALJ”) denying Fleming’s claim for social security benefits. Fleming argues on appeal that the ALJ erred by: (1) discrediting the opinions of a number of medical sources, (2) discrediting the testimony of a lay witness, and (3) failing to properly evaluate Fleming’s residual functional capacity (“RFC”) and incorporate all of Fleming’s limitations into the hypothetical posed to the vocational expert (“VE”). The facts and procedural history are known to the parties and we do not repeat them here. For the reasons set forth below, we affirm the judgment of the district court.
1. Medical Opinions
In cases where medical reports are inconclusive, the ALJ is charged with resolving conflicting and ambiguous medical testimony. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). As here, “[w]hen a nontreating physician’s opinion contradicts that of the treating physician — but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician — the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record.” Morgan v. Comm’r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999) (internal quotation marks omitted). The ALJ discredited the reliability of Fleming’s testimony, and Fleming does not appeal that decision. Fleming argues that the ALJ erred in rejecting the opinions of six medical sources: (a) Dr. Donna C. Wieher, (b) a counselor at Network Behavioral Health Care, (c) nurse practitioner Julie Hogan, (d) Dr. Chirag Patel, (e) Dr. David Wu, and (f) Dr. Matilda Mengis. We address each in turn.
a. Dr. Wieher
The ALJ gave the following reasons for discrediting Wicher’s opinion: Wieher’s conclusions regarding employability were unclear; this was a one-time examination from a non-treating source; Wieher relied largely on the claimant’s subjective comments; testing indicated that Fleming had exaggerated his symptoms [1]; and Wieher did not have access to Fleming’s file and records. We find these reasons sufficient for discrediting Wicher’s opinions.
b. Network Behavioral Center Counselor
An ALJ may discount opinion sources that are not acceptable medical sources by providing reasons “germane” to that source for doing so. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993). A counselor is not an acceptable medical source. 20 C.F.R. § 404.1513. The ALJ discounted the counselor’s conclusions here because they were based on the claimant’s subjective complaints, and this finding was supported by substantial evidence. We find that this reason is germane to the counselor’s opinion.
c. Nurse Hogan
A nurse practitioner is also not an acceptable medical source, 20 C.F.R. § 404.1513, thus the ALJ needed to provide germane reasons for discrediting her opinion. Here, the ALJ discounted Nurse *549 Hogan’s conclusions, inter alia, because her opinions were conclusory, contained no clinical evidence, relied on Fleming’s subjective complaints, and exceeded the severity of limitations reported by other physicians. These are germane reasons to discredit her opinion.
d. Dr. Patel
We find that the ALJ enumerated at least the following legitimate and specific reasons for discounting Patel’s conclusions: (1) Patel merely checked boxes enumerating Fleming’s limitations and failed to provide an explanation or clinical evidence supporting these conclusions, Crane v. Shalala, 76 F.3d 251, 253 (9th Cir.1996); (2) Patel’s records and findings, such as the extent of Fleming’s back pain, are largely based on Fleming’s subjective complaints, Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001) (finding that the ALJ was “free to disregard [medical] opinion, which was premised on [the claimant’s] subjective complaints”); and (3) Patel’s conclusions conflict with the evidence from his own records — in May 2003, Patel’s records indicated that Fleming merely experienced “benign chronic low back pain” that “[w]ill restrict activities as far as lengthy bending or kneeling, but he is able to do all other activities.”
e. Dr. Wu
The ALJ properly discredited Wu’s brief, one-sentence conclusion that “Fleming is disabled.” Even if this statement were intended to be a medical opinion, it was located in the “social/family history” section of Wu’s report, which supports the ALJ’s legitimate conclusion that it was based entirely on Fleming’s subjective complaints. The remainder of Wu’s records do not indicate any other specific limitations that would have an effect on the ALJ’s disability determination.
f. Dr. Mengis
The ALJ rejected Mengis’s opinion because it was based in large part on Fleming’s subjective complaints; indeed, neither the check-box form submitted by Mengis nor Mengis’s letters specify any clinical testing or objective medical evidence supporting her conclusion. The fact that a medical opinion was based on a claimant’s subjective testimony — where the claimant’s credibility has been undermined — is a specific and legitimate reason for rejecting that medical opinion. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989).
Fleming argues that the ALJ should have re-contacted Mengis for additional information. To the contrary, “[t]he ALJ, with support in the record, found the evidence adequate to make a determination regarding [the claimant’s] disability. Accordingly, the ALJ did not have a duty to recontact the doctors.” Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005).
2. Lay Witness Testimony
An ALJ may discount lay witness opinions by providing reasons “germane” to that source for doing so. Dodiill, 12 F.3d at 919. The ALJ rejected Ronald Quinton’s testimony because there was no medically determinable impairment that would cause swaying while walking, that would cause Fleming to drop things, or that would cause Fleming’s hands to swell. Here, Quinton’s testimony identified an impairment that was neither supported by the medical record nor included in Fleming’s complaints: sudden, regular, and unexplained swelling of the hands. In addition, Fleming’s own statements to Dr. Goldberg — that he went on thirty-minute walks in the morning, that he went on hour-long walks in the afternoon, and that he could walk up to his third floor apartment without chest pain or undue short *550 ness of breath — contradicts the extent of the limitations identified by Quinton. Although this was not specifically enumerated as a reason for rejecting Quinton’s testimony, “the ALJ at least noted arguably germane reasons for dismissing the [lay witness’s] testimony, even if he did not clearly link his determination to those reasons.” Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.2001).
3. RFC Finding and Hypothetical to the VE
Fleming argues that the ALJ erred in the RFC finding by failing to provide a function-by-function assessment, failing to consider whether Fleming was capable of working on a regular and continuing basis, failing to consider all of the medical evidence, and failing to include all of Fleming’s impairments and limitations. Because the RFC finding purportedly failed to include all of Fleming’s limitations, Fleming argues that the VE hypothetical also failed to include all necessary limitations.
As discussed above, the ALJ did not err in his treatment of the medical evidence. We find that he properly included Fleming’s medical limitations in the RFC finding and the hypothetical to the VE that were supported by substantial evidence in the record after discounting Fleming’s credibility. Although Fleming points to a number of detailed errors, as we have held previously, we will not reverse where, as here, “the ALJ took into account those limitations for which there was record support that did not depend on [the claimant’s] subjective complaints.” Bayliss, 427 F.3d at 1217 (upholding ALJ decision despite failure to perform function-by-function assessment and failure to consider drowsiness or reactions to stress); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir.2008) (finding that the ALJ adequately captured limitations to “concentration, persistence, or pace” with a restriction to “simple tasks”).
Accordingly, we AFFIRM.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Wieher specifically stated that the test results likely reflected an attempt to exaggerate.