MEMORANDUM **
Lorell Lair-Del Rio appeals the denial of her claim for social security disability and supplemental income benefits claiming (1) substantial evidence does not support the Administrative Law Judge’s (“ALJ”) decision that she was not disabled due to anxiety or depression as of her date last insured, and (2) the ALJ erred when he did not call a vocational expert. We conclude that substantial evidence supports the ALJ’s decision that Lair-Del Rio did not meet her burden to prove that she was disabled as of the date last insured, June 80, 1999. Furthermore, the ALJ was not required to call a medical expert because he determined Lair-Del Rio was not disabled. Accordingly, we affirm.
We review de novo the district court’s decision affirming the Commissioner’s denial of benefits. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Id. In social security proceedings, the burden of proof is on the claimant at steps one through four, but on the Commissioner at step five. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.1999).
Lair-Del Rio first claims that the record lacks substantial evidence supporting the ALJ’s decision that she did not meet her burden to establish that she was disabled as of the date last insured. On the contrary, the record is devoid of any medical records from the relevant period— between her claimed onset date of April 1, 1998, and her date last insured of June 30, 1999 — that would meet her burden to establish a disability. Lair-Del Rio argues that despite the fact that she could not provide any medical records from the relevant period, she nevertheless met her burden with letters provided by three doctors: Dr. Jennifer Kendall, Dr. Laurence Gor-lick, and Dr. Jeanne Haislett. These retrospective letters, written months and years after the relevant time period, are unpersuasive.
Dr. Kendall is the only doctor who purports to have “treated” Lair-Del Rio during the relevant time period. Dr. Kendall wrote two letters on behalf of Lair-Del Rio dated May 18, 2000, and May 25, 2000. In her May 18, 2000, letter, Dr. Kendall indicated she was actually treating Lair-Del Rio’s son Noah as “his individual therapist and family therapist.” She also indicated she “worked with Mrs. Lair Del Rio [sic] individually on parenting issues and techniques” from June 1999 to December 1999. She did not, however, provide any type of diagnosis in this letter, nor did she attach any medical records. In her May 25, 2000, letter, Dr. Kendall wrote that *696 “[i]n [her] opinion, [Lair-Del Rio] appeared to be manic, exhibiting symptoms such as a decreased need for sleep, depressed appetite, anxiety, paranoia, rapid speech and convoluted thought processes.” Dr. Kendall did not include any medical records with her second letter. Given the lack of any medical records to support Dr. Kendall’s opinion made six months after the “treatment” of Lair-Del Rio’s son ended, substantial evidence supports the ALJ’s conclusion that the letter “is not a diagnosis,” that Dr. Kendall’s “treating relationship was with the child and not the parent,” and that she “did not see the claimant as a therapist, but more it seems as a social worker.”
Dr. Gorlick’s letters dated November 8, 2001, and February 22, 2006, suggest the “presence of problems from 2001 on,” but they do not cover the relevant period from April 1, 1998, to June 30, 1999. In his 2006 letter, Dr. Gorlick indicated that “[o]ver the past six to seven years” Lair-Del Rio had “numerous conditions, including anxiety, depression, panic attacks and posttraumatic stress disorder.” Dr. Gor-lick did not provide any medical records or history from the relevant period to supplement his opinion in either letter. Therefore, substantial evidence supports the ALJ’s rejection of Dr. Gorlick’s letters as “not useful” because they “give no indications of severity or even history.”
In her letter dated March 22, 2003, Dr. Haislett recounted that when she treated Lair-Del Rio from September 1995, to February 1996, she exhibited “depression as evident by a depressed mood with crying episodes.” However, Dr. Haislett did not provide any records contemporaneous with her treatment of Lair-Del Rio. Furthermore, her opinion does not cover the relevant time period from 1998 to 1999.
It is Lair-Del Rio’s burden to “furnish medical and other evidence that [the Commissioner] can use to reach conclusions about [her] medical impairment(s).” 20 C.F.R. § 404.1512(a). Here, the ALJ found that Lair-Del Rio did not provide any reliable medical records from the relevant time period. The record supports that finding. In addition, the ALJ expressly found Lair-Del Rio’s testimony not entirely credible. The ALJ’s credibility determination is a “reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.” Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.2001). The ALJ also concluded that Lair-Del Rio’s medical records pertaining to treatment obtained subsequent to the date last insured did not satisfy her burden to prove an onset date that preceded the date last insured. This was a reasonable conclusion and because a reasonable mind could conclude on the basis of the record that Lair-Del Rio was not disabled as of the date last insured, we hold substantial evidence supports the ALJ’s findings. See Crane v. Shalala, 76 F.3d 251, 254 (9th Cir.1996) (citing Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995)).
Finally, an ALJ must call a medical expert where the onset date of the disability is unclear. See Armstrong v. Comm’r, 160 F.3d 587, 590 (9th Cir.1998). However, that requirement under Social Security Ruling 83-20 only applies where a claimant has been found disabled. Id. While there was medical evidence presented in Armstrong proving the existence of a disability, it was unclear the date on which the various proven impairments culminated into the disability. See id. at 590-91. Unlike Armstrong, we have no contemporaneous records here and no evidence of treatment by the opining health care professionals during the relevant time period. Because the burden of proof remains with the claimant “to prove disability before expiration of disability insured status,” id. at 590, *697 Lair-Del Rio has failed to meet her burden and Armstrong is thus inapposite.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.