NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICKY M NICHOLS,

               Plaintiff-Appellant,

   v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

               Defendant-Appellee.

No.   15-35110

D.C. No. 3:14-cv-05139-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted January 19, 2018[**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit
Judges

    Nicky Nichols appeals the district court's decision affirming the

Commissioner of Social Security's denial of Nichols's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Administrative Law Judge ("ALJ") provided specific and legitimate reasons supported by substantial evidence to reject Dr. Jackson's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  First, the ALJ reasonably concluded that Dr. Jackson's opinion was inconsistent with objective medical evidence showing only mild physical limitations.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that the ALJ reasonably relied on inconsistencies with the medical record to discount a treating physician's opinion). Second, the ALJ properly rejected the opinion based on inadequate clinical findings supporting it.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (explaining that an ALJ can reasonably discount a treating physician opinion that is inadequately supported by clinical findings).

Dr. Jackson's additional progress notes, first considered by the Appeals Council, became part of the full record before this court.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (holding that records considered by the Appeals Council become part of the administrative record that this court must review).  Based on the full record before this court, substantial evidence continues to support the ALJ's reasoning for rejecting Dr. Jackson's opinion.

The ALJ properly rejected the opinion of non-acceptable medical source Mr. Gray based on the germane reasons that Mr. Gray had a short duration of contact with Nichols and Mr. Gray's opinion conflicted with his own treatment notes. *See Ghanim*, 763 F.3d at 1161 (recognizing a conflict with treatment notes as a germane reason to reject the medical opinion of a non-acceptable medical source); *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (including limited duration of contact in germane reasons for rejecting testimony of therapist).

The ALJ provided several specific, clear, and convincing reasons for finding Nichols less than fully credible regarding the severity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ reasonably discredited Nichols's testimony regarding the severity of her physical limitations based on the inconsistency between Nichols's testimony and her boyfriend's testimony regarding her ability to attend to self-care. *See Tommasetti*, 533 F.3d at 1041–42 (explaining that the ALJ properly resolves conflicts and ambiguities between evidence). Second, the ALJ properly concluded that Nichols's physical performance in medical evaluations was inconsistent with her testimony regarding the severity of her functional limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (concluding that the ALJ properly relied in part on the objective medical evidence to discredit claimant testimony). Third, the ALJ properly discredited Nichols's testimony regarding the alleged severity of her

15-35110

symptoms based on inconsistencies with her own statements regarding her activities. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (concluding that the ALJ properly discredited the alleged severity of a claimant's symptoms based on inconsistencies with the claimant's own statements regarding her activities).

Substantial evidence supports the ALJ's residual functional capacity finding and conclusion of non-disability at step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (concluding that the claimant fails to raise any fresh issue when their contention of error at step five restates earlier arguments regarding the ALJ's review of the evidence).

**AFFIRMED.**