NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE L. DEGEN, | No. 16-16980 |
| Plaintiff -Appellant, | D.C. No. 3:15-cv-02677-WHA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Hon. William Alsup, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and SESSIONS,[**]
District Judge.

Leslie Degen appeals from the district court's order affirming the

Administrative Law Judge's (ALJ) denial of social security benefits.    We have

jurisdiction under 28 U.S.C. § 1291, and review the district court's ruling de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

The issue before us is whether the ALJ's decision was supported by substantial evidence and free of reversible error. 42 U.S.C. § 405(g). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Substantial evidence supports the ALJ's conclusion that Mr. Degen's physical ailments did not render him disabled. When examined, Mr. Degen had a bunion and multiple corns and calluses on his feet, but moved easily and displayed normal motor strength. A podiatrist recommended debridement and an orthotic. Mr. Degen received the indicated treatment and testified that the orthotic and dietary changes provided significant relief. Mr. Degen's other physical symptoms, including hypersensitivity, neuropathy, and tremors, responded positively to medication.

With respect to mental health issues, the ALJ properly concluded that Mr. Degen had severe impairments consisting of major depressive disorder, generalized anxiety disorder, borderline personality disorder, and alcohol use disorder. These findings were consistent with a diagnosis by Mr. Degen's

2

treating psychiatrist.   The ALJ also concluded that Mr. Degen could perform medium exertional work that was limited to unskilled, simple repetitive tasks that did not involve contact with the general public.   This latter conclusion was supported, in part, by treatment notes from mental health providers.

Mr. Degen has reportedly suffered from mental health issues for most of his life.   He worked as a custodian for approximately eleven years, but left his job and initially spent his time playing music, riding his bicycle, and going for walks. He has reported being able to take care of his personal needs and perform household chores such as vacuuming, mopping, sweeping, dusting, laundry and dishes.

Mr. Degen is currently homeless, and first sought out mental health treatment after he applied for benefits in 2012.   An initial evaluation by a state agency examiner found that Mr. Degen suffered from a range of mental impairments, including poor concentration and low frustration tolerance, and would benefit from mental health treatment.   The examiner also concluded that Mr. Degen could perform simple, repetitive tasks.

In 2013, Mr. Degen received a prescription for Zoloft from a treating psychiatrist.   Within just a few months he reported that the medication was

3

providing substantial relief.   Specifically, he found that Zoloft reduced his depression, made personal interactions easier, and improved his sleep.   The treating psychiatrist noted that Mr. Degen tolerated the medication well, and commented on his high intellect.   The psychiatrist also noted that Mr. Degen was generally cooperative and oriented, his judgment fair, his thought process logical, and that he was able to maintain attention.

In late 2013, Mr. Degen stopped taking Zoloft after he increased his dosage and suffered a panic attack.   By February 2014, he had resumed the medication and again found it helpful.   In March and April of 2014, he reported that he was feeling more functional, and his psychiatrist concurred that he appeared to be clearly improved.

Mr. Degen relies heavily upon a questionnaire completed by his psychiatrist in February 2014, shortly after his break in medication.   At that time, the psychiatrist cited depressed mood, severe anxiety, suicidal ideation, hypersensitivity to stimuli, and insomnia.   Where the questionnaire provided categories for functional limitations, the psychiatrist circled "moderate" under daily living restrictions, and "extreme" under the categories of social functioning,

concentration, and persistence or pace.  Shortly thereafter, Mr. Degen's attorney sent him to an examining psychologist who reached similar conclusions.

As noted, progress notes after February 2014 indicate significant improvement once Mr. Degen resumed his medication.  In July 2014, the treating psychiatrist opined that Mr. Degen was stable and doing well.  In August 2014, a social worker who had been meeting regularly with Mr. Degen found that his appearance was appropriate, his mood was non-depressed, his judgment was good, and his thought content was unremarkable.  The ALJ properly considered these improvements in reaching his conclusion.  *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (ALJ properly considered the claimant's daily activities, treating therapist notes, and evidence suggesting he responded well to treatment for depression).

Mr. Degen argues that the ALJ erred in finding his testimony not entirely credible.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112).  Here, the ALJ concluded that although Mr. Degen's mental health impairments could be expected to cause some of the alleged

5

symptoms, the reported severity of those symptoms was not supported by the evidence. Most significantly, Mr. Degen's work history, reports of daily activities, and improvement after receiving treatment undercut his claims. Those factors were properly cited as clear and convincing reasons to question portions of Mr. Degen's testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

The ALJ also provided "specific, legitimate reasons" for affording less than significant weight to the treating psychiatrist's questionnaire responses. *See Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 692 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Controlling weight is given to a treating physician's opinion regarding the nature and severity of a claimant's impairments when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Here, the ALJ accepted the findings in the psychiatrist's treatment notes regarding Mr. Degen's substantial improvement while on

6

medication. The ALJ rejected the treating psychiatrist's February 2014 questionnaire responses as conclusory, inconsistent with the treatment notes, and not supported by objective findings. The ALJ's conclusions were supported by substantial evidence, and his reasoning did not constitute reversible error. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion because it was conclusory, in checklist form, and not supported by objective evidence).

We have considered Mr. Degen's remaining arguments and find them to be without merit.

**AFFIRMED.**