
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANE HELLER,

          Plaintiff-Appellant,

    v.

ANDREW M. SAUL,[**]
Commissioner of Social Security Admin.
        Defendant-Appellee.

No. 18-17000

D.C. No. 4:17-cv-00243-DTF

MEMORANDUM[*]

On Appeal from the United States District
Court for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding

Submitted February 6, 2020 [***]
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and ADELMAN, District Judge.[****]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Andrew M. Saul is substituted as defendant-appellee in place of Nancy A. Berryhill pursuant to Fed. R. App. P. 43(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]     The Honorable Lynn Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

An Administrative Law Judge ("ALJ") denied plaintiff-appellant Jane Heller's application for social security disability benefits, and the district court affirmed the ALJ's decision. Heller appeals. We review the district court's judgment de novo, *Shaibi v. Berryhill*, 883 F.3d 1102, 1106 (9th Cir. 2017), *as amended* (Feb. 28, 2018), but will reverse the ALJ's decision only if it lacks the support of "substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)).

1.      The ALJ gave "specific and legitimate reasons" for rejecting the opinion of one of Heller's treating cardiologists. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The opinion conflicted with the views of other treating physicians, who found no significant cardiac abnormalities, as well as with the opinions of the agency consultants, who found Heller capable of a range of light work. The cardiologist also failed to support the extreme limitations in his report with detailed medical findings. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *see also Molina*, 674 F.3d at 1111 (noting that the ALJ may "reject[] . . . check-off reports that [do] not contain any explanation of the bases of their

2

conclusions") (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (rejecting a report containing recommendations "so extreme as to be implausible").

2.     The ALJ considered the combined effect of all of Heller's impairments, severe and non-severe, in determining her residual functional capacity. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017).  The ALJ reasonably declined to impose further limitations based on Heller's subjective claims of laryngeal spasms, noting that she was seen for this condition just once during the relevant period, and the record contained no related work-up or additional treatment.  *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (noting that an impairment cannot be based solely on the claimant's own perception or description of her problems).  The ALJ also reasonably declined to impose further limitations based on Heller's cardiac condition,  relying on the records of treating physicians finding no significant cardiac abnormalities and assessing her chest pain as non-cardiac in nature.  Finally, Heller waived her argument that the ALJ erred in evaluating her mental impairments.  *See Burrell v. Colvin*, 775 F.3d 1133, 1137 n.2 (9th Cir. 2014) ("Claimant waived that argument by failing to raise it before the district court.").

3.     Since Heller fails to establish any reversible error in the ALJ's consideration of the evidence, there is no basis for remanding for an award of benefits

3

under the "credit as true" doctrine. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th

Cir. 2017), *as amended* (Jan. 25, 2018).

**AFFIRMED**.