**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY EVANSON,

               Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

               Defendant-Appellee.

No.   19-15283

D.C. No. 2:17-cv-01899-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted March 25, 2020[**]
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

Gary Evanson appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits.  Reviewing de novo, we may set aside a denial of benefits only if the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision of the administrative law judge ("ALJ") is not supported by substantial evidence, or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

1. Evanson contends that the ALJ erred by failing to consider Evanson's combined impairments and subjective symptoms. However, the medical record evidence indicated minimal to no objective symptoms or limitations due to Evanson's impairments, and the ALJ provided clear and convincing reasons for discounting Evanson's subjective reports about his limitations due to pain and fatigue. *See id.* at 1112; *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008). The existence of Evanson's impairments alone is insufficient to establish functional limitations or disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ did not err in failing properly to address mental impairments. Evanson never asserted at the administrative level that he was disabled due to any mental condition, and the medical record evidence does not support such an assertion.

2. Evanson contends that the ALJ erred in determining that Evanson had the residual functional capacity to perform medium level work and could perform his past relevant work as a carpenter. However, as discussed above, the medical record evidence indicated minimal objective symptoms or limitations due to

2

Evanson's impairments, and the ALJ properly discounted Evanson's reports regarding the extent of his subjective symptoms and limitations. Substantial evidence supports the ALJ's assessment of Evanson's residual functional capacity. Furthermore, the ALJ's finding that Evanson performed past relevant work as a carpenter at the medium work exertion level is supported by substantial evidence in the record, including Evanson's own descriptions of his work history accompanying his application for benefits. The ALJ was not required to consult a vocational expert in making the determination that Evanson could perform past relevant work. *See Crane v. Shalala,* 76 F.3d 251, 255 (9th Cir. 1996). Substantial evidence supports the ALJ's conclusion that Evanson could perform past relevant work as a carpenter at the medium work exertion level.

3. Evanson contends the ALJ erred by failing to apply the presumptive disability standards at 20 C.F.R § 404.1562. These standards were inapplicable given Evanson's education level and past relevant work experience.

**AFFIRMED.**