NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANNA RAE KOLLMEYER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No. 19-15337

D.C. No. 2:17-cv-02749-BSB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Camille D. Bibles, Magistrate Judge, Presiding

Submitted May 17, 2022[**]
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Diana Rae Kollmeyer appeals pro se the district court's order affirming the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Commissioner of Social Security's denial of disability benefits and supplemental Social Security income. We review de novo and "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Kollmeyer argues that the ALJ failed to consider her back pain at step two of the Social Security Act's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. But the ALJ specifically considered her allegations of back pain, and substantial evidence supports the ALJ's conclusion that Kollmeyer's back pain is not a severe impairment and does not create additional functional limitations. Among other things, the ALJ cited specific medical records showing that MRIs of Kollmeyer's back were unremarkable and that physical examinations showed "normal alignment and range of motion of the back [and] no tenderness to the back."

2.     Substantial evidence supports the ALJ's decision to discount a "treating source statement" by an unidentified person at the McKellips Family Clinic. If the ALJ rejects the opinion of a treating physician, she must give "specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). Here, the ALJ reasonably discounted the statement because the handwriting on the form was "illegible," there was no indication that the individual who completed the form

2

treated Kollmeyer, and the opinions were in the form of conclusory check-the-box forms. The ALJ also found that the statement was not supported by the medical records. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an incongruity between a doctor's opinion and the medical record serves as a "specific and legitimate reason for rejecting" the doctor's opinion).

3. Substantial evidence supports the ALJ's determination to discount Kollmeyer's subjective account of the severity of her symptoms. The ALJ can only reject a claimant's testimony about the severity of symptoms by giving "specific, clear and convincing reasons." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). Here, the ALJ found that Kollmeyer's testimony was inconsistent with the medical record and was inconsistent with her ability to care for her children and perform various household tasks. Furthermore, Kollmeyer's testimony that she left her job due to her impairments was contradicted by evidence that she told a counselor that she quit "because she did not like new management."

4. The ALJ properly discounted Kollmeyer's mother's "function report." Before discounting lay testimony, the ALJ must give specific reasons that are "germane to each witness." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citations omitted). The ALJ gave "little weight" to Kollmeyer's mother's report because Kollmeyer's mother only spent limited time with Kollmeyer each week. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (discounting lay testimony

3

because "the record does not show that [the witness] had sufficient contact with [the claimant] during the relevant time").  Moreover, the mother's statements conflicted with the objective medical evidence.[1]

5.     The record does not support Kollmeyer's claims that the ALJ "cherry-picked" the evidence and failed to consider her conditions cumulatively.  The hearing transcript also does not support Kollmeyer's claims that the ALJ did not ask appropriate questions at the hearing and did not give her representative an opportunity to rebut or cross-examine the vocational expert.

**AFFIRMED.**

---

[1] Kollmeyer argues that the ALJ erroneously concluded that her mother was not medically trained to provide a function report, pointing out that she had been a nurse for over 50 years.  Even assuming the ALJ mischaracterized Kollmeyer's mother's experience, any error was harmless. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that any error is harmless if it is "inconsequential to the ultimate nondisability determination") (citation omitted).  The ALJ provided other sufficient reasons to reject this one-paragraph report that did not turn on Kollmeyer's mother's expertise.