**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOE LESTER, Jr.,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No. 22-35425

D.C. No. 3:21-cv-05487-JRC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted May 10, 2023**
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Joe Wayne Lester Jr. challenges the district court's decision affirming the

Social Security Commissioner's denial of his applications for disability insurance

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits and supplemental security income. We have jurisdiction, *see* 28 U.S.C. § 1291, and affirm.

Substantial evidence supports the determination by the Administrative Law Judge (ALJ) that Lester has a residual functional capacity (RFC) of light work with certain limitations. The ALJ identified specific and legitimate reasons to not give full weight to the opinions of non-examining physicians Dr. Baylor and Dr. Palasi, which include inconsistencies with the opinion of an examining physician, Dr. Sethi, Lester's physical examination records, Lester's conservative treatment, and Dr. Palasi's conclusory opinion. *See Smartt v. Kijakazi*, 53 F.4th 489, 495–96 (9th Cir. 2022); *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). That Dr. Palasi has a professional duty to provide accurate assessments does not undermine the ALJ's specific and legitimate reasons for discounting her opinion.

The ALJ identified germane reasons to discount the opinion of nurse practitioner Oman, namely inconsistencies with Dr. Sethi's report, Oman's examination reports, and Lester's daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012); *Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020).

2

Nor did the ALJ err in discounting Dr. Baylor and Oman's opinions regarding Lester's functional limitations, despite their medical expertise, because an RFC determination is "reserved to the Commissioner" and is not a medical opinion. 20 C.F.R. § 404.1527(d)(2).

The ALJ identified specific, clear, and convincing reasons to reject Lester's "statements about the intensity, persistence, and limiting effects of his symptoms," which include inconsistencies with Lester's physical examination records and conservative treatment, which Lester does not challenge on appeal. *See Molina*, 674 F.3d at 1113; *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007); *Smartt*, 53 F.4th at 497–98, 500. Contrary to Lester's contention, the ALJ did address and properly disregard Lester's testimony about medication side effects because it was inconsistent with Dr. Sethi's examination report.

**AFFIRMED.**