**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA BUCKNER-LARKIN, | No. 09-17751 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01500-JAT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted August 29, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District
Judge.[**]

Rebecca Buckner-Larkin appeals the decision of the district court affirming

the final determination of the Social Security Commissioner denying her claim for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James L. Graham, Senior District Judge for the U.S.
District Court for Southern Ohio, Columbus, sitting by designation.

disability benefits. Buckner-Larkin argues that the Administrative Law Judge ("ALJ") committed four legal errors in determining that she was not disabled within the meaning of 42 U.S.C. § 423(d) during the relevant period. Because we find that the ALJ's decision was not based on legal error and was supported by substantial evidence, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009), we affirm.

Buckner-Larkin first argues that her residual functional capacity ("RFC") was incorrectly determined because the ALJ did not set forth a function-by-function assessment or account for pain. Yet, in accordance with Social Security Ruling 96-8p, the ALJ defined her RFC as "sedentary," SSR 96-8p, 1996 WL 374184 (July 2, 1996), which includes well-defined function-by-function parameters. *See* 20 C.F.R. § 404.1567(a); SSR 96-9p, 1996 WL 374185 (July 2, 1996). Her RFC also included a sit-stand option, which is most reasonably interpreted as sitting or standing "at-will," based on the record. Finally, the ALJ accounted for pain, noting that Buckner-Larkin's concentration, persistence, and pace would be limited because of pain and pain medication.

Buckner-Larkin next contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Maestas. If a treating physician's opinion is contradicted by other evidence, the ALJ must provide "specific and legitimate

2

reasons supported by substantial evidence in the record" for rejecting the opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). Additionally, if the ALJ determines that the subjective complaints of the claimant are not credible, this is a sufficient reason for discounting a physician's opinion that is based on these complaints. *Bray*, 554 F.3d at 1228.

In discounting treating physician Dr. Maestas's opinion, the ALJ found that the opinion contained internal inconsistencies and was inconsistent with other medical evidence and opinions, including the opinions of other treating and examining physicians; that Dr. Maestas appeared to be more of an advocate than an objective examiner; and that the opinion was heavily based upon Buckner-Larkin's subjective complaints, without sufficient objective supporting information. These are specific and legitimate reasons for discounting Dr. Maestas's opinion, and are supported by the record.

Next, Buckner-Larkin argues that the ALJ improperly discounted her own subjective complaints. If the ALJ determines that the claimant's subjective complaints are unreliable, the ALJ must make specific findings backing up this credibility determination. *Id.* at 1226–27. When objective medical evidence establishes that the claimant suffers from an impairment that could reasonably produce the symptoms complained of, "an adverse credibility finding must be

3

based on clear and convincing reasons," unless there is affirmative evidence of malingering. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotation marks omitted). In making the credibility determination, the ALJ may consider inconsistencies between the claimant's testimony and her conduct, daily activities, and work record. *See Bray*, 554 F.3d at 1227. The ALJ may also consider the course of treatment to determine whether allegations of debilitating pain are credible. *See Carmickle*, 533 F.3d at 1162.

The ALJ discounted to some degree Buckner-Larkin's subjective complaints because of inconsistencies between her complaints and medical evidence, her daily activities, and the success of conservative treatment. Therefore, the ALJ pointed to clear, specific, and cogent reasons for limiting his reliance on Buckner-Larkin's subjective complaints.

Finally, Buckner-Larkin contends that the ALJ improperly considered vocational evidence because it conflicted with the *Dictionary of Occupational Titles* and the conflict was not identified or resolved. An ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts] or [vocational specialists] and information in the *Dictionary of Occupational Titles*" and explain in the decision how any conflict

4

was resolved. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007).

The vocational expert in this case found that the recommended jobs would allow for an at-will sit-stand option. The vocational expert noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research. Therefore, the conflict between the DOT and the vocational expert was addressed and explained by the vocational expert, and the ALJ addressed this in the decision.

In conclusion, we do not find any legal error or that the evidence was insufficient to support the ALJ's determination. *Bray*, 554 F.3d at 1222.

AFFIRMED.