**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| ROBERTA ANN RUIZ, | No. 13-17216 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-1785-ROS |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn Silver, Senior District Judge, Presiding

Argued and Submitted December 10, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges, and MOSKOWITZ, Chief District Judge.[**]

Roberta Ruiz appeals from the district court's order affirming the Social

Security Commissioner's decision denying her application for disability benefits.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barry Ted Moskowitz, Chief Judge, United States District Court for the Southern District of California, sitting by designation.

Ruiz argues that the Administrative Law Judge ("ALJ") erred by (1) discrediting Ruiz's testimony; (2) giving little to no weight to the opinion of Ruiz's treating physician's assistant; (3) relying on opinions from non-examining State agency physicians; and (4) finding that Ruiz could perform a restricted range of sedentary work. We review a district court's order affirming the Commissioner's denial of benefits de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The ALJ did not err in discrediting Ruiz's symptom testimony. An ALJ may reject a claimant's symptom testimony if the ALJ "makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) ("[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief.") (citations and internal quotation marks omitted).

After recounting Ruiz's medical record, the ALJ determined that Ruiz's testimony regarding her daily activities was inconsistent with her described symptoms. The ALJ referenced Ruiz's independence in daily hygiene and self-care, her ability to prepare simple meals, and her testimony that she helped with light chores, drove, went grocery shopping, took walks, and managed her finances while living with her mother. The ALJ went on to state that, "[m]ost significantly,

2

[Ruiz] testified she cared for her great niece and her parents after the initially alleged onset date of disability . . . ." Because her daily activities were inconsistent with her alleged symptoms, the ALJ appropriately gave clear and convincing reasons for discrediting Ruiz's testimony.

2.      The ALJ did not err in giving minimal to no weight to the opinion of Shantala Mask, Ruiz's physician's assistant. The Social Security regulations treat physician's assistants as "other sources," and their opinions are not entitled to the same level of deference as licensed physicians. *See Molina*, 674 F.3d at 1111; 20 C.F.R. § 404.1513(d)(1). Opinion evidence from treating physician's assistants may be discredited so long as the ALJ provides germane reasons for doing so. *Molina*, 674 F.3d at 1111.

The ALJ found that the opinion evidence derived from check-box forms filled out by Mask was inconsistent with both the objective medical evidence of record and Ruiz's daily activities as described in the record. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (rejecting psychological evaluations because they were in the form of a check-off report that lacked explanations for their conclusions). The ALJ provided germane reasons for discrediting Mask's opinion, and she did not err in assigning the check-box forms little to no weight.

3.      The ALJ did not err in giving the opinion evidence from State agency medical consultants greatest weight. The State reviewing physicians found that

Ruiz would have the capacity to perform a range of sedentary work. Although the State consultants never examined Ruiz, the ALJ found their opinions consistent with the greater medical record, progress and treating notes, and Ruiz's description of her daily activities. *See* SSR 96-6P, 1996 WL 374180, at \*3 (July 2, 1996) (ruling that the opinion of a State agency medical consultant can be given more weight than that of the treating source in appropriate circumstances).

4. Finally, the ALJ did not err in finding that Ruiz could perform a restricted range of sedentary work. The ALJ relied on the objective medical record and the testimony of the vocational expert. *See* SSR 00-4P, 2000 WL 1898704, at \*2 (Dec. 4, 2000) (noting that vocational expert testimony provided at hearings before ALJs is used as evidence to make disability determinations). The inclusion of a sit/stand "at will" option in the ALJ's decision was considered at the administrative hearing and addressed by the vocational expert. *See Buckner-Larkin v. Astrue*, 450 Fed. App'x 626, 627 (9th Cir. 2011) (noting that a sit/stand option can reasonably be interpreted as sitting or standing at will based on the record).

Here, the ALJ asked about the sit/stand option and the use of Ruiz's walker in the suggested jobs. The vocational expert testified that his opinion was consistent with the *Dictionary of Occupational Titles*; that Ruiz could perform the proposed jobs even with the assistance of a walker; and that his opinion relating to

Ruiz's use of the walker at the proposed jobs was based on his experience placing people in those jobs as a vocational rehabilitation counselor.

For the reasons discussed above, the ALJ's decision was supported by substantial evidence and was not based on any legal error. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

**AFFIRMED.**