NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH ANN RODRIGUEZ,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>  Defendant-Appellee. | No.  16-15252<br><br>D.C. No. 2:15-CV-00231-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted September 12, 2017[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and BEA, Circuit Judges.

  Deborah Rodriguez appeals from the district court's order granting the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Commissioner of Social Security's motion for summary judgment. The district court's order denying benefits under the Social Security Act is reviewed *de novo*. This court may set aside the denial of benefits if the agency's decision is legally erroneous or lacks findings supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence" means "more than a scintilla but less than a preponderance…Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. We have jurisdiction under 28 U.S.C. § 1291, and we affirm because substantial evidence supports the findings by the administrative law judge (ALJ) that Rodriguez was not disabled under the Social Security Act.

1. Plaintiff's status as obese and her impairments from that condition do not entitle her to social security benefits. *See* Social Security Final Rule, 64 Fed. Reg. 46122 (Aug. 24, 1999) (deleting Listing 9.09, which listed obesity as an impairment). Plaintiff did not assert that she had an impairment that, in combination with obesity, met a particular listing in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, or show that she satisfied the requirements for such a listing.[1]

---

[1] Plaintiff's arguments that her impairments met Listings 1.02 and 1.04 are waived because she failed to raise them before the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (in appeal of district court's decision affirming Commissioner of Social Security's denial of application for social

2. The ALJ properly considered the impact of plaintiff's obesity because he assigned "great weight" to Dr. Shahid Ali's medical opinion, which diagnosed Plaintiff with obesity and rendered a residual functional capacity (RFC) opinion based on, among other things, that diagnosis.

3. The ALJ did not err in assessing Plaintiff's functional limitations on a "function-by-function" basis. The ALJ determined that Plaintiff cannot climb ladders, ropes, and scaffolds, but otherwise defined Plaintiff's RFC as able to do "light work," and cited the regulations defining "light work," 20 C.F.R. §§ 404.1567(b), 416.967(b), regulations which include well-defined function-by-function parameters. *See* Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34474 (July 2, 1996). As a result, the ALJ set forth a function-by-function assessment. *Buckner-Larkin v. Astrue*, 450 F. App'x 626, 627 (9th Cir. 2011) (claimant argued that residual functional capacity was incorrectly determined because ALJ did not put forward function-by-function assessment. ALJ's determination that claimant had residual functional capacity to perform "sedentary work" pursuant to 20 C.F.R. § 404.1567(a) was sufficient, as the definition of "sedentary [work]…includes well-defined function-by-function parameters.").

4. The ALJ did not err in weighing the medical opinion evidence. He properly

---

security disability benefits, claimant's argument that the ALJ erred by failing to develop record was waived because claimant did not make said argument before the district court).

3

assigned great weight to Dr. Ali's medical opinion because that opinion was consistent with the record evidence and was based on Dr. Ali's direct examination, personal observations, and objective testing of Plaintiff. The ALJ gave specific and legitimate reasons supported by substantial evidence for discounting Plaintiff's proffered treating-source opinions because, among other things, they were conclusory, unsupported by the record, inconsistent with Plaintiff's own statements about her functional ability, and relied heavily on Plaintiff's own subjective reporting of her symptoms. Thus, it was within the ALJ's prerogative to discount those opinions and decline to give them controlling weight. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("the ALJ can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record") (internal citations omitted). Even if the ALJ erred in stating that the record did not contain treatment notes from one of the treating sources, that error was harmless because the ALJ also gave separate reasons for rejecting the opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[w]e have long recognized that harmless error principles apply in the Social Security Act context.").

5. The ALJ gave specific, clear, and convincing reasons for finding that Plaintiff's testimony was not credible because it conflicted with her previously

4

reported daily activities, it was inconsistent with the medical evidence in the record, her condition and pain were controlled with medication, and her testimony was undermined by the relatively conservative treatment she received for her allegedly debilitating impairments. *See Molina*, 674 F.3d at 1112–14.

6. The ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's daughter's lay testimony about Plaintiff's daily activities because it described the same limitations as Plaintiff's own testimony. *See id.* at 1122.

Plaintiff shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED**.