**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY A. DELUCA,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   15-35735

D.C. No. 4:14-cv-00068-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 27, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Gary Deluca appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not commit reversible error by deciding not to hold a supplemental hearing. Deluca requested a hearing to have his employer explain how Deluca's earnings did not constitute substantial gainful activity and to address Deluca's contention that his health had deteriorated further.

Contrary to counsel's assertions, the ALJ did not "represent a supplemental hearing would be scheduled if requested." The record refutes this claim. In fact, the ALJ asked counsel for additional medical records, telling him "you can advise me when you send those medical records in, of what you want to do, and if I think we need additional testimony or something, I'll advise you and we'll set up a telephone conference." The record is devoid of any evidence that counsel sent any additional medical records to the ALJ. Later, after counsel requested a supplemental hearing so that Deluca's employer "c[ould] answer [the ALJ's] questions in person rather than trying to address [the ALJ's] concerns in writing," the ALJ responded  that he saw "no reason to schedule a supplemental hearing" because he believed the record "to be complete and ready for decision making."

We agree with the ALJ that additional information concerning Deluca's earnings was unnecessary because the ALJ decided Step One in Deluca's favor by

2

finding his employment after the alleged disability onset date did not rise to the level of substantial gainful activity. Also, because Deluca neglected to submit any additional medical evidence as requested by the ALJ concerning his alleged aggravated symptoms, the state of the record did not trigger the ALJ's duty to further develop the evidence to resolve ambiguities or to remedy an inadequate record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Contrary to Deluca's arguments, substantial evidence in the record supports the ALJ's assessment of the medical evidence. Despite his assertion that the ALJ improperly discounted medical evidence from Dr. Ayres, Deluca's treating physician, Deluca does not set forth a substantive argument about his opinion. Because the Court will only review "issues which are argued specifically and distinctly," Deluca has waived (or forfeited) this argument. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Furthermore, we note that Dr. Ayres "never opined that claimant's symptoms would prevent work activity."

The ALJ also provided specific and legitimate reasons for discounting examining physician Dr. Vanichkachorn's opinion that Deluca would be unable to return to full-time employment within twelve months. *See Ryan v. Comm'r of Soc.*

*Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The ALJ afforded this portion of Dr. Vanichkachorn's opinion little weight because Dr. Vanichkachorn's objective exam notes indicated Deluca had full strength and a normal gait, which contradicted his opinion that Deluca would be unable to return to work. An ALJ is not required to accept a physician's opinion if it is "inadequately supported by clinical findings." *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). We also note that Dr. Vanichkachorn "only saw the claimant one time and was not a treating source." The ALJ also discounted this evidence because Dr. Vanichkachorn's opinion appeared to be based largely on Deluca's subjective reports, which the ALJ had also discounted. An ALJ may discount medical evidence that is based in large part on a claimant's reports that the ALJ has also properly found are not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). Therefore, the ALJ provided specific and legitimate reasons for discounting that part of Dr. Vanichkachorn's evidence.

Deluca's contention that the ALJ erred by crediting evidence from Ms. Frank, ARNP, also fails. Deluca argues that the ALJ's decision to accept evidence from a nurse practitioner, a "non[-]acceptable" medical source, when the agency "routinely ignores" evidence from nurse practitioners, is "arbitrary and capricious." This argument is flawed in at least two ways. First, nurse practitioners are not

4

"non-acceptable" sources but rather are classified as "other" medical sources whose testimony ALJs cannot discount without providing germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Furthermore, regarding his allegation that the agency routinely ignores evidence from nurse practitioners, Deluca provides no examples or citations to pertinent case law or any explanation as to how this claim is relevant to the ALJ's weighing of the medical evidence.

The ALJ did not err in discounting Deluca's testimony concerning the extent of his symptoms and their limiting effects. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of Deluca's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ cited evidence that Deluca had made inconsistent statements, that there was a lack of supporting objective medical evidence, that some of Deluca's symptoms were responsive to treatment, and that Deluca did not always follow treatment guidelines.

Although Deluca mentions he could not afford his ulcerative colitis medication at times, which could offer some explanation for the lapse in following his prescribed treatment, he does not specifically argue that this invalidates the ALJ's assessment. Nevertheless, even if the ALJ did err in relying on Deluca's

failure to follow treatment as a reason to discount his testimony, the ALJ's remaining reasons for discounting Deluca's testimony remain supported by the record, rendering any error harmless. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Deluca's argument that the ALJ erred by discounting the lay witness evidence of Deluca's supervisor, Peggy Martin, lacks merit. The ALJ provided a germane reason for discounting Ms. Martin's statement, namely, its inconsistency with the objective medical evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Deluca's contentions that the ALJ erred by (1) not requiring a vocational expert to testify and (2) not applying the Medical-Vocational Guidelines also fail. While the ALJ must support the findings at Step Four with substantial evidence, *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016), the ALJ is not required to include testimony from a vocational expert as part of this supporting evidence, *see Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). Because the ALJ supported the finding at this stage with other substantial evidence, the ALJ did not commit reversible error.

Regarding Deluca's objection to the ALJ declining to apply the Medical-Vocational Guidelines, the ALJ was not required to apply these guidelines because

he found Deluca was capable of performing his past relevant work. These guidelines apply only when the claimant's impairments prevent performance of past relevant work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 200.00; *Crane*, 76 F.3d at 255.

**AFFIRMED.**[1]

---

[1]     We pause to note that current counsel's opening brief's citations to the excerpts of record are marred by unprofessional errors. The excerpt pages counsel cites in support of his arguments are frequently wrong, so many times that we decline to freight this decision with specific references. Counsel is advised in the future to proofread his briefs and to check record cites against the record itself. Moreover, some pages in the paper excerpt are simply missing, i.e., pages 110-116.

We note also an incoherent sentence in previous counsel's presentation. In the submission to the Appeals Council, the following strange sentence appears: "The issue in this case is if the employment is subsidized or less than competitive dispute [sic] Claimant earnings AFTER July 2011." E.R. Vol. III at 412 (emphasis in original). This confused sentence reappears without clarification on page 5 of current counsel's opening brief.

We hasten to note that we do not hold the missteps of an attorney against the attorney's client. Counsel's miscues do not affect our conclusion that the Commissioner rendered her final determination in accordance with the law.