**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARMA CONANT,

          Plaintiff-Appellant,

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   20-35699

D.C. No. 4:19-cv-05225-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted August 3, 2021[**]
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Sharma Conant appeals the district court's order affirming the

Administrative Law Judge's (ALJ) decision denying Conant's application for

disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 423. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and the agency's decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We affirm.

**1.** Conant asserts that the ALJ erred in concluding that she was required to deny Conant's claim at step one of the sequential evaluation process because although the record reflected that Conant had engaged in substantial gainful activity within twelve months of her alleged disability onset date, it also included evidence that Conant did not engage in substantial gainful activity after January 1, 2016. *See Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002) (upholding the agency's interpretation that under 42 U.S.C. § 423(d)(1)(A), the inability to engage in substantial gainful activity must last, or be expected to last, at least twelve months). If the ALJ erred at step one, it was harmless because the ALJ did not deny Conant's claim based solely on her step one finding but considered the remaining steps in the sequential evaluation process and then found Conant not disabled.[1] *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he

---

[1] Conant alleges that she amended the disability onset date, but the record does not support that assertion.

court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (citation and internal quotation marks omitted)).

2.     The ALJ made the necessary step three findings in this case. The ALJ considered listing 14.09(D) and several other listings, made specific findings, and cited to the record. *See* SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012) (explaining that fibromyalgia "cannot meet a listing . . . because [it] is not a listed impairment" and directing the agency to consider whether it "medically equals a listing (for example, listing 14.09D)," or a listing in combination with another impairment); *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (explaining that "*Marcia* [*v. Sullivan*, 900 F.2d 172 (9th Cir. 1990)] simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under" any particular heading). Conant has not met her burden of establishing that her impairments, either alone or in combination, meet or equal a listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (explaining the claimant's burden at step three).

Additionally, after the ALJ found the record inadequate, she ordered consultative examinations, and did not err by failing to further develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or

3

when the record is inadequate to allow for proper evaluation of the evidence.").

**3.** The ALJ gave clear and convincing reasons supported by substantial evidence for discounting Conant's symptom testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (setting forth the standard). The ALJ reasonably relied on the evidence of Conant's improvement with medication, and her failure to follow her prescribed treatment plan, to find Conant's symptom allegations not entirely credible. These are specific, clear and convincing reasons to discount her symptom testimony. *Tommasetti*, 533 F.3d at 1039–40 (stating that ALJ may discredit symptom testimony where there is evidence of improvement with treatment); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (explaining that "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" may be a sufficient reason to discredit a claimant's symptom testimony).

While there is evidence that might have supported contrary findings, substantial evidence supports the ALJ's conclusions. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" (citation omitted)); *see also Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) ("Although the findings upon which this determination was based were not as extensive as they might have been, they sufficed to show that the ALJ did not arbitrarily reject [the

4

claimant's] testimony.").

**4.** The ALJ gave germane reasons for discounting the lay statement that the ALJ described as "essentially mirror[ing]" Conant's symptom testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**5.** The ALJ did not err in relying on the opinion of examining physician Dr. Opara. While some aspects of Dr. Opara's opinion lacked clarity, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041.

**6.** Finally, the ALJ's hypothetical question to the vocational expert accounted for all the limitations that the ALJ found supported by substantial evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding that a proper hypothetical need only include those restrictions that are supported by substantial evidence). Thus, the ALJ properly relied on the vocational expert's testimony in response to that hypothetical.

  **AFFIRMED.**